**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN THE MATTER OF:<br>JOHN LUBER AND EILEEN LUBER, as Owners of the 2005 32-foot Bavaria Yacht sailboat S/V "EILEEN MARY" Hull No. BAVU32S4B505, Registration No. CT1093BB, her tenders, gear, furniture, tackle, Appurtenances, etc.<br>      PETITIONERS. | No. 3:17-cv-01937-VAB |

**ORDER APPROVING SECURITY, DIRECTING ISSUE OF NOTICE, RESTRAINING SUITS AND DIRECTING THE FILING OF CLAIMS**

A Complaint having been filed herein on the 20th day of November, 2017 by JOHN LUBER and EILEEN LUBER (hereinafter collectively as "Petitioners" or "Owners"), as Owners of the 2005 32-foot Bavaria Yacht sailboat S/V "EILEEN MARY" (hereinafter "the Vessel"), Hull No. BAVU32S4B505, Registration No. CT1093BB, for exoneration from and/or limitation of liability under 46 U.S.C. § 30501 *et seq.* (previously codified as 46 App. U.S.C. §§183, 189) and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules") for any claims of damage or injury arising from a vessel collision on May 28, 2017 between the Vessel "EILEEN MARY" and a second vessel, a 31-foot Chaparral powerboat named "SENTIMENTAL JOURNEY", which collision occurred within the Chester Point Marina in Chester, Connecticut as more fully described in the Complaint; and

The Complaint having stated that the value of Petitioners' interest in said Vessel does not exceed Fifty-Six Thousand Three Hundred Fifty-Eight Dollars ($56,358.00); and

Petitioners having requested leave to file with the Court an *Ad Interim* Security for Value in the amount of $56,358.00, which is the value of Petitioners' interest in said Vessel, plus

interest at the rate of 6% per annum from the date hereof, plus costs in the amount of $250, as security for the benefit of Claims;

**NOW**, on motion of the attorneys for the Petitioners, it is

**ORDERED** that Petitioners are granted leave to file the *Ad Interim* Security for Value for the benefit of Claimants in the sum of $56,358.00, plus interest at the rate of 6% per annum from the date hereof, plus costs in the amount of $250, without prejudice to any interested party's right to seek a modification as provided by Supplemental Rule F(7); and

**IT IS FURTHER ORDERED** that Petitioners and any Claimant who may properly become a party hereto may contest the amount of value of Petitioners' interest in the Vessel as contained in the Complaint, together with adequate security, as the Court may from time to time order; and

**IT IS FURTHER ORDERED** that Petitioners' election to post security in the form of an *Ad Interim* Security for Value is done without prejudice to their right to seek modification of the form and quantum of the security, including by the substitution of an approved Interim Stipulation for Value; and

**IT IS FURTHER ORDERED** that if the amount and form of security is not contested by any Claimant herein, said security shall stand and an appraisal by a Commissioner will not be required; and

**IT IS FURTHER ORDERED** that a Notice, a copy of which is attached hereto, shall be issued by the Clerk of this Court to all persons asserting claims with respect to which the Complaint seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of Court, in writing, and to serve on the attorneys for Petitioners a copy thereof on or before the 60th day following this Court's issuance of a Notice pursuant to

Supplemental Rule F(4) or be defaulted, and that if any claimant desires to contest either the right to exoneration from liability or the right to limitation of liability, such claimant shall file and serve on the attorneys for the Petitioners an Answer to the Complaint on or before said date, unless the claims have included an Answer to the Complaint, so designated, or be defaulted; and

**IT IS FURTHER ORDERED** that the aforesaid Notice once issued shall be published in either the Middletown Press or the Hartford Courant newspapers, published in Connecticut, once a week for four (4) weeks before the return date of said Notice, as provided by the aforesaid Supplemental Rule F(4) and served personally on every person known to have any claim against the Vessel or Petitioners, or delivered to their attorneys; and

**IT IS FURTHER ORDERED** that the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, or otherwise, against Petitioners, and the taking of any steps and the making of any motion in such actions, suits or proceedings against the Petitioners, or against the agents, representatives, or insurers of the Petitioners or the Vessel except in this action, to recover damages for or in respect to any loss, damage or injury caused by or resulting from the aforesaid incident, as alleged in the Complaint, be and they hereby are restrained, stayed and enjoined until the hearing and determination of this action, and all warrants of arrest and/or attachment issued in such other suits, actions or legal proceedings be and the same are hereby prohibited; and

**IT IS FURTHER ORDERED** that service of this Order as a restraining order be made through the Post Office by mailing a copy thereof to the person, or persons or claimants to be restrained, or to their respective attorneys.

SO ORDERED this 2nd day of January, 2018, in Bridgeport, Connecticut.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE